# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff

v.

FRANK ALEXANDER,

    Defendant

Case No.: 2:99-cr-00363-APG

**ORDER DENYING MOTION TO VACATE**

[ECF Nos. 15, 17]

Defendant Frank Alexander pleaded guilty to two counts of mailing injurious articles under 18 U.S.C. §§ 1716(a) and (j)(2). He also pleaded guilty to two counts of using a firearm during and in relation to a "crime of violence" under 18 U.S.C. § 924(c)—the crimes of violence being his mailing of injurious articles.

He moves to vacate his § 924(c) convictions and sentences, relying on *Johnson v. United States*,[1] in which the Supreme Court struck down the residual clause of a sentence enhancement statute similar to § 924(c). Alexander contends that he was convicted under the residual clause of § 924(c), that the Supreme Court's holding in *Johnson* applies to the residual clause in § 924(c), and thus his convictions for mailing injurious articles no longer qualify as crimes of violence under § 924(c).

Alexander's contention that his convictions for mailing injurious articles are not crimes of violence under the residual clause is irrelevant if they are crimes of violence under the physical force clause of § 924(c). He argues that they are not because the physical force clause requires the use of violent force. But, he asserts, a person does not use violent force when he mails an item, such as poison, to a victim. The Ninth Circuit has already held that a conviction

---

[1] **Error! Main Document Only.** 135 S. Ct. 2551 (2015).

under this statute categorically qualifies as a crime of violence.[2] Alexander's convictions for mailing injurious articles required that he do so "with intent to kill or injure another, or injure the mails or other property." That is the definition of a crime of violence. I therefore deny his motion.

## Discussion

In 1999, Alexander mailed two parcels containing bombs that were designed to explode when the parcels were opened. He addressed one of the parcels to a pastor in Texas, and the other to then-President Clinton, at 1600 Pennsylvania Avenue.[3] For each mailing, he pleaded guilty to mailing an injurious article in violation of §§ 1716(a) and (j)(2). One of the elements of that statute is that the offender mails the article "with intent to kill or injure another, or injure the mails or other property."

A defendant violates § 924(c) if he uses a firearm (which includes destructive devices such as bombs) during or to further a "crime of violence." An offense can qualify as a crime of violence under this statute in two ways. One is if the crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; this is the physical force clause. Alexander argues that mailing an injurious article is not a crime of violence under the force clause because the statute does not require the use of violent force. The second is the residual clause, which Alexander argues is unconstitutional considering the Supreme Court's *Johnson* decision.

---

[2] **Error! Main Document Only.** *United States v. Collins*, 109 F.3d 1413, 1419 (9th Cir. 1997).

[3] **Error! Main Document Only.** Neither parcel reached their intended target, but instead detonated while in transit, damaging postal service equipment, machinery, and other mail.

2

1    Section 1716(j)(2) prohibits "knowingly deposit[ing] for mailing . . . anything declared nonmailable [in § 1716(a)] . . . with intent to kill or injure another, or injure the mails or other property. . . ." The Ninth Circuit has held that a § 1716 conviction for mailing a bomb with intent to kill or injure is a crime of violence because "the substantive crime[] alleged . . . has as an element the use or attempted use of physical force, i.e., the use or attempted use of a destructive device to kill or injure another person."[4]

Alexander argues that I should ignore this precedent because the Supreme Court held in *Johnson* (2010), that "physical force" means "violent force."[5]  He contends that "[t]he act of mailing" does not require the use of violent force sufficient to satisfy § 924(c)'s physical force clause.  His argument fails for several reasons.  First, the Supreme Court has rejected the argument that the force used or attempted to be used is determined by looking solely to those forces directly applied by the offender in committing the offense.

> [The defendant] errs in arguing that although "[p]oison may have 'forceful physical properties' as a matter of organic chemistry, . . . no one would say that a poisoner 'employs' force or 'carries out a purpose by means of force' when he or she sprinkles poison in a victim's drink."  The "use of force" in [the defendant's] example is not the act of "sprinkl[ing]" the poison; it is the act of employing poison knowingly as a device to cause physical harm.  That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under [defendant's] logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim.[6]

As indicated by the Ninth Circuit in *Collins*, the use of force underlying a § 1716 conviction is the offender's indirect use of the physical force that the mailed article will apply to kill or injure

---

[4] **Error! Main Document Only.**   *Collins*, 109 F.3d at 1419.
[5] **Error! Main Document Only.**   *Johnson v. United States*, 559 U.S. 113, 140 (2010).
[6] **Error! Main Document Only.**   *United States v. Castleman*, 572 U.S. 157, 169 (2014).

3

a person.  The force directly used by the offender when placing an item in the mail, even if *de minimis*, is irrelevant.

Second, the Supreme Court did not merely hold in *Johnson* (2010) that physical force was "violent force."  Rather, it held that "the phrase 'physical force' means *violent* force–that is, *force capable of causing physical pain or injury* to another person."[7]  Justice Scalia subsequently explained that the Supreme Court identified two plausible meanings of physical force in *Johnson* (2010): "common-law offensive touching (which *Johnson* rejected) and force capable of causing physical pain or injury, serious or otherwise."[8]  As he further stated, "it is impossible to cause bodily injury without using force 'capable of' producing that result."[9]  The Ninth Circuit's holding that mailing a destructive device with intent to kill or injure another person is a crime of violence is buttressed, not undermined, by the Supreme Court's decision in *Johnson* (2010).

Alexander also notes that, pursuant to § 1716(a), nonmailable items include "material which may kill or injure another, or injure the mails or other property."  Relying on this definition, he argues a person may be convicted "regardless of whether a person is injured or other mails are injured."  The argument is irrelevant to the question whether mailing an injurious article in violation of § 1716 requires the use, or attempted use, of physical force.  The Ninth Circuit has held that it does.

Consistent with this authority, I find that Alexander's § 2255 motion is without merit.  As his convictions for mailing injurious articles under §§ 1716(a) and (j)(2) are crimes of violence

---

[7] **Error! Main Document Only.**     *Johnson,* 559 U.S. at 140 (emphasis added).
[8] **Error! Main Document Only.**     *Castleman*, 572 U.S. at 174 (Scalia, J. concurring).
[9]     *Id.*

4

pursuant to § 924(c)'s physical force clause, his arguments regarding the residual clause are irrelevant. Alexander was properly convicted and sentenced under § 924(c).

## Certificate of Appealability

To appeal this order, Alexander must receive a certificate of appealability.[10] To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[11] This standard is "lenient."[12]

I have denied Alexander's motion because (a) the Ninth Circuit held that § 924(c)'s force clause is satisfied as the mailing injurious article statute requires the use or attempted use of physical force to kill or injure, and (b) the Supreme Court stated in *Johnson* (2010) that "the phrase 'physical force' means violent force–that is, force capable of causing physical pain or injury to another person." Nevertheless, after its decision in *Johnson* 2010, the Supreme Court noted, in its resolution of *Castleman*, that it did not reach the question "[w]hether or not the causation of bodily injury necessarily entails violent force." This suggests the question remains open, and reasonable jurists could disagree, whether a force capable of causing bodily injury is

---

[10] **Error! Main Document Only.** 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[11] **Error! Main Document Only.** *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

[12] **Error! Main Document Only.** *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

5

necessarily a "physical force" as that phrase is used in the force clause of § 924(c). I thus grant Alexander's request for a certificate of appealability.

IT IS THEREFORE ORDERED that defendant Frank Alexander's motions under 28 U.S.C. § 2255 **(ECF Nos. 15, 17) are DENIED**.

IT IS FURTHER ORDERED that Alexander's request for a certificate of appealability is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a separate civil judgment denying Alexander's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:16-cv-1468-APG.

DATED this 2nd day of October, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE